UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
AEYIOU P. KAZOLIAS, *et al.*

Civil No. 09-7222 (SCR)(LMS)

        Plaintiffs,

    -against-


IBEW LU 363, JOHN MARAIA, as Business Manager
of IBEW LU 363, LIGHTMORE ELECTRIC
ASSOCIATES, INC., and ANDREW POPIK, as President
of LIGHTMORE ELECTRIC ASSOCIATES, INC.,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

---

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' OBJECTIONS TO MAGISTRATE'S RULING

---

**SAPIR & FRUMKIN LLP**
Attorneys for Plaintiff
399 Knollwood Road, Suite 310
White Plains, New York 10603
(914) 328-0366


*On the Brief:*

    William D. Frumkin, Esq.
    Sujan H. Vasavada, Esq.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    I.      SWINGLE'S LATE CHARGE OF DISCRIMINATION CANNOT BE SAVED
            BY THE CONTINUOUS VIOLATION DOCTRINE . . . . . . . . . . . . . . . . . . . . 6

           A.    Court's Standard of Review to a Magistrate's Ruling . . . . . . . . . . . . . . 6

           B.    Discrete Discriminatory Acts Require the Filing of a Charge Within 300
               Days . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

           C.    The Continuous Violation Doctrine does not Apply to Single Discrete
               Acts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    II.     SWINGLE CANNOT RELY ON THE TIMELY FILING OF PLAINTIFFS
            KAZOLIAS AND ROXBY TO AVOID DISMISSAL OF HIS AGE CLAIM
            BECAUSE IT WAS UNTIMELY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## <u>**TABLE OF AUTHORITIES**</u>

### <u>*Cases*</u>

*Butts v. City of New York*, 990 F.2d 1397 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Byrnes v IDS Realty Trust,* 85 FRD 679 (S.D.N.Y. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Cornwell v. Robinson*, 23 F.3d 699 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Elmenayer v. ABF Freight Sys., Inc.*, 318 F.3d 130 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . 7

*Holowecki v. Fed. Express Corp.,* 440 F.3d 558 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Levy v. United States General Accounting Office*, 175 F.3d 254 (2d Cir. 1999) . . . . . . . . . . . . . 7

*Lorquet v. Loehmann's Dep't Store*, 354 Fed. Appx. 480, 480 (2d Cir. 2009) . . . . . . . . . . . . . . 7

*Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101 (2002) . . . . . . . . . . . . . 6, 7

*Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . 6

*Washington v. County of Rockland*, 373 F. 3d 310 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . 7

## I. PRELIMINARY STATEMENT

On September 22, 2009, in response to Plaintiff's complaint against Lightmore Electric, and the International Brotherhood of Electrical Workers ("IBEW Local 363"), Lightmore Electric filed its motion to dismiss, based on Plaintiff Robert Swingle's ("Swingle") untimely age discrimination claim, and to dismiss the entire action on preclusion grounds, under Fed. R. Civ. P. 12(b)(6). Pursuant to an Order of the Honorable Stephen C. Robinson, United States District Judge, the matter was referred to the Honorable Lisa Margaret Smith, United States Magistrate Judge, for consideration. On June 3, 2010, Magistrate Judge Smith issued a Report and Recommendation, recommending that Judge Robinson grant Lightmore Electric's motion to dismiss Swingle's claim as time-barred, and deny Lightmore Electric's motion to dismiss against all Plaintiffs on preclusion grounds. Plaintiffs have filed Objections to the June 3, 2010, Report and Recommendation.

As discussed below, the Court should uphold Magistrate Judge Smith's recommendation that Swingle's claim is time-barred. Specifically, the Magistrate Judge properly concluded that Swingle, who filed his claim 466 days after the alleged discriminatory behavior, did not timely file his complaint with the United States Equal Employment Opportunity Commission ("EEOC"). Lightmore Electric files this Memorandum of Law in Opposition to Plaintiffs' Objections to the Magistrate's Ruling.

## II. STATEMENT OF FACTS

On June 4, 2008, Plaintiffs filed an Unfair Labor Practice Charge (the "Charge") with the National Labor Relations Board ("NLRB") against Lightmore Electric. Declaration of William

Frumkin, in Support of Motion to Dismiss ("Frumkin Dec.-Dismiss," Exhibit "A"[1]).  The Charge filed against Lightmore Electric alleged that on or about January 25, 2008, Lightmore Electric, by its officers, agents or representatives, laid off the Plaintiffs because they complained to IBEW Local 363 about "working conditions and unsafe work and because of other protected concerted activities." *Id.*

On July 24, 2008, the NLRB issued a decision dismissing the Charges as the "evidence fails to establish that either the Employer or the Union violated the [National Labor Relations Act] as alleged, or in any other manner encompassed by the charges."  *Id*.

On or about September 15, 2008, Plaintiff Aeyiou P. Kazolias ("Kazolias") and Plaintiff Kevin Roxby ("Roxby") each filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that their respective terminations on January 26, 2008 was based on their age. *See* Declaration of William D. Frumkin in Opposition to Objections to Magistrate's Ruling ("Frumkin Dec.-Objections," Exhibit "A[2]").

On or before August 8, 2008, Plaintiffs appealed the NLRB's decision dismissing their Charges.  Frumkin Dec.-Dismiss, Exhibit "A."  On January 9, 2009, the NLRB denied Plaintiffs' appeal, specifically holding that "the layoff was conducted in the order of seniority in compliance with the terms of the collective bargaining agreement." *Id*.

On May 5, 2009, Swingle filed a Charge of Discrimination with the EEOC alleging that his termination on January 25, 2008 (466 days earlier) was based on his age and in retaliation for

---

[1]References are to documents filed in support of Lightmore Electric's Motion to Dismiss, which appears on ECF as Docket # 12.

[2]Since Plaintiffs not number the pages to their Complaint, the Court will need to look through it for the cited documents.

"bringing up all the code and safety violations." Frumkin Dec.-Objections, Exhibit "A". On May 22, 2009, the EEOC issued Swingle a Dismissal and Notice of Rights stating "[y]our charge was not timely filed with the EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." Frumkin Dec.-Objections, Exhibit "A."

### III ARGUMENT

### POINT I

**SWINGLE'S LATE CHARGE OF DISCRIMINATION CANNOT BE SAVED BY THE CONTINUING VIOLATION DOCTRINE**

**A.    Court's Standard of Review to a Magistrate's Ruling**

Under Fed. R. Civ. Pro. 63(b)(1)(A), the District Judge will uphold the Magistrate's determination, unless it is clearly erroneous or contrary to law. *Byrnes v IDS Realty Trust,* 85 F.R.D. 679, 680 (S.D.N.Y. 1980). This is clearly not the case here.

**B.    Discrete Discriminatory Acts Require the Filing of a Charge Within 300 Days**

Before bringing a claim under the Age Discrimination in Employment Act ("ADEA"), a plaintiff must file a charge with the EEOC within 300 days after that the employee knew or should have known that the discrimination occurred. *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101, 113 (2002); *Lorquet v. Loehmann's Dep't Store*, 354 Fed. Appx. 480, 480 (2d Cir. 2009). This requirement functions as a statute of limitations in that discriminatory incidents not timely filed before the EEOC will be time-barred. *Butts v. City of New York*, 990 F.2d 1397, 1401 (2d Cir. 1993); *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996).

**C.    The Continuing Violation Doctrine Does Not Apply to Single Discrete Acts**

Discriminatory acts that occur outside the 300 day charge filing period are timely if they are continuing in nature and any part falls within the 300 day charge filing period. "A continuing

violation may be found where there is proof of specific ongoing discriminatory practices or policies." *See Cornwell v. Robinson*, 23 F.3d 699, 704 (2d Cir. 1994). The United States Supreme Court determined that a single, clearly discrete act cannot be considered continuous discrimination sufficient to toll the applicable statute of limitations. *Morgan*, 536 U.S. at 111; *See also Washington v. County of Rockland*, 373 F. 3d 310, 318 (2d Cir. 2004); *Elmenayer v. ABF Freight Sys., Inc.*, 318 F.3d 130, 134 (2d Cir. 2003). Swingle has only alleged one distinct act of discrimination, his termination on January 28, 2008. Frumkin Dec.-Objections Exhibit "A." He filed his charge on May 5, 2009, 466 days from his termination. *Id.* Therefore, the continuing violation doctrine is not applicable here, and the Magistrate Judge's decision with respect to this issue must be sustained.

## POINT II

**SWINGLE CANNOT RELY ON THE TIMELY EEOC CHARGE FILINGS OF PLAINTIFFS KAZOLIAS AND ROXBY TO CURE HIS TIME BARRED AGE DISCRIMINATION CLAIM**

An individual who has previously filed an EEOC charge cannot piggyback onto someone else's EEOC charge. *Holowecki v. Fed. Express Corp.,* 440 F.3d 558, 564 (2d Cir. 2006); *See also Levy v. United States General Accounting Office*, 175 F.3d 254, 255 (2d Cir. 1999). A party wishing to piggyback his own EEOC charge is "bound by the parameters of his own EEOC charge and cannot subsequently utilize the single filing rule to avoid the statute of limitations." *Holowecki*, 440 F.3d at 564, *quoting Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1223-24 (5th Cir. 1995).

Here, based on the their alleged unlawful terminations of January 26, 2008, Kazolias and Roxby both filed their separate EEOC charges on September 15, 2008. Frumkin. Dec-Objections, Exhibit "A." Swingle fails to offer any explanation why the Court should allow him to piggyback on Kazolias' and Roxby's timely alleged claims, other than the claims are all interrelated. However,

he offers no justification of how this cures his failure to file his charge in a timely manner.  *See* Plaintiffs' Objections to Report and Recommendation[3].  Therefore, Swingle is bound by the parameters of his own EEOC charge and cannot use the piggybacking rule to avoid the 300 day statute of limitations.  *Holoweckii* 440 F.3d at 564.  There was clearly no error in Magistrate Judge Smith's recommendation that Swingle cannot boot strap his untimely EEOC charge to Kazolias and Roxby's timely filings.

## CONCLUSION

For the foregoing reasons, Defendant Lightmore Electric respectfully requests that the Court adopt Magistrate Judge Smith's Report and Recommendation, and deny Plaintiffs' objections in their entirety.

Dated:  White Plains, New York
      July 2, 2010                                             Yours, etc.,

**SAPIR & FRUMKIN LLP**

By: /s/ William D. Frumkin
    William D. Frumkin (WF 2173)
    Attorneys for Defendants Lightmore Electric
    Associates, Inc. and Andrew H. Popik
    399 Knollwood Road, Suite 310
    White Plains, New York 10603
    (914) 328-0366

F:\APPLICAT\WP\Lightmore Electric\Litigation\Reply to Plaintiffs' Objections.07.01.10.wpd\dp\rlh

---

[3]Again Plaintiffs have not numbered the pages of their submissions, requiring the Court to look for the cited reference.

8

**CERTIFICATE OF SERVICE**

       I hereby certify that on July 2, 2010, a copy of this Memorandum of Law in Opposition to Plaintiffs' Objections to Magistrate's Ruling was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt including:

> Paula Clarity, Esq.
> Robert T. McGovern, Esq.
> Archer, Byington, Glennon & Levine, LLP
> 425 Broadhollow Road, Suite 405
> P.O. Box 9064
> Melville, New York 11747-9064
> *Attorneys for Defendants IBEW Local Union No. 363*
> *and John Maraia, as Business Manager*

The following parties will be served by regular U.S. Mail:

> Aeyiou P. Kazolias           Kevin H. Roxby
> 176 Hawleys Corner Road    43 Private Road, 24
> Highland, New York 12528    Olive Bridge, New York 12461
> *Pro Se* Plaintiff             *Pro Se* Plaintiff
>
> Robert C. Swingle
> 36 Hickory Hollow Court
> Palenville, New York 12463
> *Pro Se* Plaintiff

Parties may access this filing through the Court's electronic filing system

                          /s/ Rachel L. Horton
                          Rachel L. Horton